**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  8/23/2022
```

| | |
|---|---|
| **DEREK BOXHORN,**<br><br>                                          **Plaintiff,**<br><br>-against-<br><br>**RODGERS SILICON VALLEY ACQUISITION CORP., ET AL.,**<br><br>                                          **Defendants.** | **21-cv-2900 (ALC)**<br><br><u>**ORDER**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

       Plaintiff brought this suit against Rodgers Silicon Valley Acquisition Corp. ("RSVAC"), Thurman J. Rodgers, Emmanuel T. Hernandez, Steven J. Gomo, Joseph I. Malchow, John D. McCranie, and Lisan Hung.  Plaintiff sought to enjoin the impending merger of Defendant Rodgers Silicon Valley Acquisition Corp. ("RSVAC") and Enovix.

       RSVAC announced its pending acquisition of Enovix on March 8, 2021.  Plaintiff filed this suit seeking to enjoin the suit on April 5, 2021.  After filing his complaint, Plaintiff failed to serve Defendants.  This Court issued an order to show cause why this case should not be dismissed on October 18, 2021.  ECF No. 3.  The next day, Plaintiff voluntarily dismissed the suit.  Plaintiff now seeks attorney's fees, arguing that his suit resulted in supplemental disclosures that substantially benefited RSVAC shareholders.  Plaintiff contends that this action allows him to recover fees under the common benefit doctrine.

       The doctrine, often "applied in suits by a group of shareholders against a corporation to vindicate some substantial right of all the shareholders of the company," permits recovery of attorney's fees where no fund has been recovered "in cases where the litigation has conferred a substantial benefit on the members of an ascertainable class." *Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc.*, 54 F.3d 69, 71 (2d Cir. 1995) (quoting *Mills v. Electric*

*Auto-Lite Co.*, 396 U.S. 375, 393–94 (1970)). "The benefit 'must be something more than technical in its consequence and be one that accomplishes a result which corrects or prevents an abuse which would . . . affect the enjoyment or protection of an essential right to the stockholder's interest.'" *Cohen v. LyondellBasell Indus. N.V.*, 492 F. Supp. 3d 14, 17 (E.D.N.Y. 2020) (quoting *Mills*, 396 U.S. at 396). "When the defendant has taken action to moot the lawsuit, defendant bears the burden of proof to establish the absence of a causal connection between the lawsuit and the defendant's action." *Cohen v. LyondellBasell Indus. N.V.*, No. 19-cv-2622, 2020 WL 5097773, at *3 (E.D.N.Y. June 23, 2020), *report and recommendation adopted as modified*, 492 F. Supp. 3d 14 (E.D.N.Y. 2020).

      Plaintiff contends that the allegations in his complaint prompted RSVAC's supplemental disclosures filed with the SEC, including material on financial projections and potential conflicts of interest. Plaintiff believes the disclosures were material to the shareholder vote held on July 2021 and conferred a substantial benefit on RSVAC shareholders. However, Defendants argue that this information would have been disclosed in the ordinary course of the SEC's review process and were not by themselves material to the shareholder decision. When a company files a proxy statement, preliminary or otherwise, the SEC often writes to the company requesting more information on a range of issues. Companies often file supplemental disclosures in response to these requests.

      Defendants note that the disclosures at issue were either in response to an SEC request or done voluntarily. There is no indication in the record that any disclosures were done in response to Plaintiff's complaint. Plaintiff argues that the Complaint was the only source noting the lack of cash flow projections in the preliminary proxy. Yet, the record indicates that RSVAC did not

disclose cash flow projections requested in Plaintiff's complaint. *See* ECF No. 18-17 Exs. Q and R.

There is no record of Plaintiff's counsel discussing potential disclosures to the benefit of the shareholder class. *See* ECF No. 18-17 Ex. Q. Plaintiff filed a complaint, but simply filing suit is not enough to avail Plaintiff of the benefits of the common benefit doctrine. *See, e.g.*, *Cohen*, 492 F. Supp. 3d at 19 ("Plaintiff cites no case supporting his novel argument that the correction of any and every omission from a proxy statement constitutes, by definition, a 'substantial benefit.'"); c*f. Chen v. Select Income REIT*, No. 18-cv-10418-GBD-KNF, 2019 WL 6139014, at *14 (S.D.N.Y. Oct. 11, 2019) (granting attorney's fees where the record shows plaintiff's counsel negotiated the content of defendant's supplemental disclosures).

Accordingly, Plaintiff's motion for attorney's fees is **DENIED**. The Clerk of the Court is respectfully directed to terminate ECF No. 6.

**SO ORDERED.**

Dated:   August 23, 2022
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States Judge**